IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**DUANE S.,**[1]

                      Plaintiff,         Civ. No. 6:19-cv-01795-JR

    v.                                             **OPINION AND ORDER**

**ANDREW M. SAUL**, Acting
Commissioner of Social Security

                      Defendant.

---

**RUSSO, Magistrate Judge:**

      Plaintiff Duane S. brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act ("the Act"). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the reasons below, the Commissioner's final decision is affirmed.

      Born in 1971, plaintiff was 42 years old on his amended alleged onset date of April 29,

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental parties in this case.

Page 1 – OPINION AND ORDER

2014.[2] Plaintiff filed his applications on May 31, 2016, alleging disability due to osteoarthritis of the right shoulder; chronic obstructive pulmonary disease (COPD), syncope and collapse, post-concussive syndrome, mild cognitive impairment, dysarthria, hypotestosteronemia, visual changes, PTSD, sleep apnea, obesity, and organic brain syndrome. Tr. 17, 265.

Plaintiff's claims were denied initially and upon reconsideration. Tr. 142-51, 158-63. Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ") and appeared for a hearing on August 6, 2018. Tr. 38-71, 164-69. In a written decision dated October 19, 2018, the ALJ denied plaintiff's applications. Tr. 12-31. The Appeals Council denied plaintiff's subsequent petition for review, rendering the ALJ's decision final. Tr. 1-6. This appeal followed.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if the decision is based on proper legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hill v. Astrue, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, a court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. Davis v. Heckler, 868 F.2d 323, 326 (9th Cir. 1989).

## DISCUSSION

---

[2] "Tr." refers to the Transcript of the Social Security Administrative Record, ECF No. 11, provided by the Commissioner.

Page 2 – OPINION AND ORDER

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. See 20 C.F.R. §§ 404.920(a)(4), 416.920(a)(4) (2012). The burden of proof rests upon the claimant at steps one through four, and with the Commissioner at step five. Id.; Bustamante v. Massanari, 262 F.3d 949, 953–54 (9th Cir. 2001) (citing Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999)). At step five, the Commissioner must demonstrate that the claimant is capable of making an adjustment to other work after considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. 20 C.F.R. §§ 404.920(a)(4)(v), 416.920(a)(4)(v). If the Commissioner fails to meet this burden, then the claimant is disabled. Id. If, however, the Commissioner proves that the claimant can perform other work existing in significant numbers in the national economy, the claimant is not disabled. Id.; see also Bustamante, 262 F.3d at 953–54.

The ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not performed substantial gainful activity since his alleged onset date. Tr. 17. At step two, the ALJ found plaintiff had the severe impairments of osteoarthritis of the right shoulder, COPD, and organic brain syndrome. Tr. 17.

At step three, the ALJ found plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the listings. Tr. 18; 20 C.F.R. Part 404, Subpart P, Appendix 1.

Prior to step four, the ALJ determined that plaintiff's RFC allowed him to perform medium work with the following limitations: he can occasionally climb ladders, ropes, or scaffolds; he can occasionally reach overhead with the right, dominant, upper extremity; he can tolerate only occasional exposure to pulmonary irritants; he can perform only simple and routine tasks; and he can tolerate only occasional exposure to co-workers and the general public. Tr. 20

Page 3 – OPINION AND ORDER

At step four, the ALJ found that plaintiff was unable to perform his past relevant work as a nurse's assistant. Tr. 23.

At step five, the ALJ found that based on plaintiff's age, education, work experience, and RFC, he could perform jobs that exist in significant numbers in the national economy, including floor waxer, wall cleaner, and laundry worker. Tr. 24-25. The ALJ therefore concluded that plaintiff was not disabled. Tr. 25.

Plaintiff contends the ALJ erred by (I) failing at step two to find his sleep apnea and obesity to be severe impairments; (II) failing to properly evaluate the medical opinion of treating physician Rio Lion, D.O.; (III) rejecting plaintiff's subjective symptom testimony; and (IV) rejecting the lay witness testimony of Robin Wachs.

## I.     Step Two Findings

Plaintiff first argues that the ALJ improperly omitted his obesity and sleep apnea from the list of severe impairments at step two of the sequential evaluation.

At Step Two, the ALJ is required to determine whether a claimant has "a medically severe impairment or combination of impairments." Smolen v. Chater, 80 F.3d 1273, 1289–90 (9th Cir. 1996) (internal citation omitted); 20 C.F.R. §§ 404.1520(a)(4) (ii), 416.920(a)(4)(ii) (1996). The Step Two evaluation is a *"de minimis* screening device to dispose of groundless claims." Smolen, 80 F.3d at 1290 (citing Bowen v. Yuckert, 482 U.S. 137, 153–54, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987)). Thus, "[a]n impairment or combination of impairments can be found 'not severe' only if the evidence establishes a slight abnormality that has 'no more than a minimal effect on an individual[']s ability to work." Smolen, 80 F.3d at 1290 (quoting Social Security Ruling 2 ("SSR") 85–28, 1985 WL 56856 at *3) (citing Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988)). However, it is the claimant's burden to "furnish[ ] such medical and other

evidence of the existence [of a severe impairment] as the Secretary may require." Bowen, 482 U.S. at 146 (quoting 42 U.S.C. § 423(d)(5)(A)).

The ALJ resolved step two in plaintiff's favor. Tr. 17. The ALJ also considered plaintiff's obesity when determining his RFC and noted the medical opinion of Dr. Berner regarding plaintiff's BMI. Tr. 18, 96. Under Burch v. Barnhart, the ALJ's acknowledgement of plaintiff's obesity was "adequate[] consideration." 400 F.3d 676, 682 (9th Cir. 2005). In Burch, as is the case here, the claimant did not set forth evidence in the record of any functional limitations as a result of her obesity that the ALJ failed to consider. Id. On this record, plaintiff has failed to meet his burden to show the existence of a severe impairment at step two. Bowen, 482 U.S. at 146.

With respect to plaintiff's sleep apnea, the ALJ noted that there was no medical evidence that plaintiff's sleep apnea resulted in "any functional limitations that would significantly affect [plaintiff's] ability to perform basic work activities for a continuous period of at least 12 months." Tr. 18. The ALJ considered plaintiff's allegations of sleep apnea when formulating his RFC. Tr. 20, 74-75, 90-91, 108, 125. Plaintiff has failed to identify or cite any specific, credible limitations stemming from his sleep apnea; therefore, he has shown no prejudicial error at step two. Bowen, 482 U.S. at 146

**II.    Medical Opinion of Rio Lion, D.O.**

Plaintiff next argues that the ALJ improperly rejected the opinion of treating physician Rio Lion, D.O. "There are three types of medical opinions in social security cases: those from treating physicians, examining physicians, and non-examining physicians." Valentine v. Comm'r Soc. Sec. Admin., 574 F.3d 685, 692 (9th Cir. 2009). "Where a treating or examining physician's opinion is contradicted by another doctor, the '[ALJ] must determine credibility and resolve the conflict.'" Id. (citation omitted). "An ALJ may only reject a treating physician's contradicted opinions by

providing 'specific and legitimate reasons that are supported by substantial evidence.'" Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) (quoting Ryan v. Comm'r of Soc. Sec., 528 F.3d 1194, 1198 (9th Cir. 2008)).

"An ALJ can satisfy the 'substantial evidence' requirement by 'setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'" Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (quoting Reddick v. Chater, 157 F.3d 715, 725 (9th Cir. 1998)). Merely stating conclusions is insufficient: "The ALJ must do more than state conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." Id. "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." Id. at 1012-13 (citing Nguyen v. Chater, 100 F.3d 1462, 1464 (9th Cir. 1996)).

Dr. Lion began treating plaintiff in February 2016. Tr. 767. On February 4, 2017, Dr. Lion opined that plaintiff was "both mentally and physically disabled due to multiple chronic medical issues" and "unable to perform the tasks required of a physical or desk job." Tr. 767. He noted that plaintiff suffered from COPD/chronic bronchitis, dyspnea and obstructive sleep apnea.

On September 5, 2017, Dr. Lion provided a Pulmonary Medical Source Statement, noting symptoms of shortness of breath, orthopnea, chest tightness, rhonchi, episodic acute asthma, episodic acute bronchitis, fatigue, and coughing. Tr. 769. He found that plaintiff could walk only three blocks without resting, and that plaintiff could stand or walk only a few hours a day in an eight-hour workday. Tr. 770.

The ALJ gave minimal weight to Dr. Lion's opinion. Tr. 23. As an initial matter, Dr. Lion's opinion was contradicted by other medical opinions in the record, including the opinion of examining neuropsychologist Audrina Mullane, Ph.D. On January 1, 2017, Dr. Mullane performed a full neuropsychological evaluation on plaintiff and found no evidence to establish a neurocognitive disorder. Tr. 760-65. Dr. Lion's opinion was also contradicted by the medical opinion of Neal Berner, M.D., who reviewed the entire medical record and opined that plaintiff was not disabled by his impairments. Tr. 88. The ALJ gave significant weight to these opinions. Tr. 22-23. Because it was contradicted by other medical opinions in the record, the ALJ was required to provide "specific, legitimate reasons" for rejecting Dr. Lion's opinion. Ghanim, 763 F.3d at 1161.

The ALJ provided at least two specific, legitimate reasons for rejecting Dr. Lion's opinion. First, the ALJ found that Dr. Lion's opinion was contradicted by evidence of plaintiff's activities of daily living. A conflict between a treating physician's opinion and a claimant's activity level is a specific and legitimate reason for rejecting the opinion. Ford v. Saul, 950 F.3d 1141, 1155 (9th Cir. 2020). Here, plaintiff reported remodeling a bathroom and exercising regularly during the relevant period. Tr. 749. Consultative physician Dr. Berner also noted plaintiff had normal gait and strength, and stayed active with housework, fishing, and driving.[3] Tr. 80, 96, 568, 582. On this record, it was reasonable for the ALJ to infer that these activities evidence physical stamina and capabilities in contradiction with Dr. Lion's opinion that plaintiff suffered from severe, disabling physical and mental limitations. Specifically, plaintiff's level of activity arguably contradicts Dr.

---

[3] While plaintiff argues that Dr. Berner's opinion does not qualify as substantial evidence because he was a consultative physician, Dr. Berner relied on other medical opinion evidence in the record to formulate his opinion, and it therefore constituted substantial evidence. See Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

Page 7 – OPINION AND ORDER

Lion's findings that plaintiff could walk only three blocks without needing to rest, and that plaintiff could stand or walk only a few hours a day in an eight-hour workday. Tr. 770. The ALJ thus provided a specific, legitimate reason for rejecting Dr. Lion's opinion. Ford, 950 F.3d at 1154-55.

Dr. Lion's findings of disabling mental and physical limitations were also contradicted by the longitudinal record. Inconsistency with the record as a whole is a specific and legitimate reason to reject a physician's opinion. Here, Dr. Mullane found plaintiff's cognitive profile was normal. Tr. 764. Mental status examinations performed by other providers were generally unremarkable. Tr. 22, 528, 556, 663, 762-63. This evidence contradicts Dr. Lion's finding that plaintiff was disabled in part due to mental limitations. Further, despite Dr. Lion's findings of severe COPD-related physical limitations, a CT scan revealed clear lungs, and imaging studies were normal. Tr. 51, 56, 439-40, 451-52, 465, 487-88, 509-51, 728. The ALJ also noted that plaintiff demonstrated normal respiratory effort on examination, clearness to auscultation, and no wheezes, rhonchi, or rales. Tr. 21, 427, 429, 436, 444, 463, 469, 540, 580, 584, 588, 590, 592, 623, 733, 777, 781, 788, 800. On this record, the ALJ provided legally sufficient reasons for rejecting Dr. Lion's controverted opinion. Ghanim, 763 F.3d at 1161.

**III.    Plaintiff's Testimony**

Plaintiff next argues that the ALJ improperly rejected his testimony regarding his symptoms and limitations. The ALJ is required to provide specific, clear and convincing reasons for rejecting a claimant's testimony. Garrison, 759 F.3d at 1017.

At the administrative hearing, plaintiff testified that he was completely disabled by his physical and mental limitations. Plaintiff testified that he suffered from wheezing caused by bending; breathing problems caused by moisture; and grogginess caused by sleep apnea. Tr. 54, 58. He reported that he could not understand, remember, concentrate, complete tasks, or follow

instructions. Tr. 20, 307. Plaintiff also alleged difficulty lifting, squatting, reaching, walking, and climbing stairs. Tr. 20, 307. He claimed that COPD and related breathing problems was his most disabling impairment. Tr. 51.

The ALJ considered plaintiff's testimony but rejected it to the extent that it conflicted with the RFC. Tr. 20-21. First, the ALJ noted that plaintiff's alleged limitations were contradicted by his activities. Tr. 22. The ALJ may consider a claimant's activities when assessing his subjective complaints. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). Here, as discussed above, and despite testimony that he could not understand, remember, concentrate, complete tasks, or follow instructions, plaintiff was able to remodel his bathroom, stay active with housework, and do "lots of yard work." Tr. 22, 749, 778, 805. Further, despite plaintiff's reports of difficulty with lifting, squatting, reaching, walking, and climbing stairs, he enjoyed fishing, crabbing, home exercise, household chores, and shopping. Tr. 22, 304-06, 805. On this record, it was reasonable for the ALJ to infer that plaintiff was not as limited as he alleged in his testimony. 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i).

The ALJ next found that plaintiff's testimony was undermined by his minimal treatment. Tr. 22. Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment. Parra v. Astrue, 481 F.3d 742, 751 (9th Cir. 2007). Here, for example, the ALJ noted that plaintiff sought only conservative treatment for his COPD, failing to seek continuous oxygen therapy, ventilation therapy, and surgery. Tr. 21. Plaintiff's use of minimal treatment for his allegedly disabling breathing problems provides additional weight to the ALJ's findings. Parra, 481 F.3d at 751.

Finally, the ALJ found that plaintiff's complaints were undermined by the medical evidence of record. Tr. 22. Contradiction with the medical record is a sufficient basis for rejecting

Page 9 – OPINION AND ORDER

a claimant's subjective symptom testimony. Carmickle v. Comm'r, 533 F.3d 1155, 1161 (9th Cir. 2008). Here, while plaintiff claimed that he was short of breath and coughing all the time, and that breathing problems limited his movements, a CT scan revealed clear lungs, and imaging studies were normal. Tr. 51, 56, 439-40, 451-52, 465, 487-88, 509-51, 728. The ALJ also noted that plaintiff demonstrated normal respiratory effort on examination, clearness to auscultation, and no wheezes, rhonchi, or rales. Tr. 21, 427, 429, 436, 444, 463, 469, 540, 580, 584, 588, 590, 592, 623, 733, 777, 781, 788, 800. On this record, the discrepancies between plaintiff's statements and the medical record provided additional justification for the ALJ's rejection of plaintiff's testimony. Carmickle, 533 F.3d at 1161. In sum, the ALJ rejected plaintiff's testimony for legally sufficient reasons supported by substantial evidence.

### IV. Lay Witness Testimony

Plaintiff argues, finally, that the ALJ improperly rejected the lay testimony of plaintiff's girlfriend, Robin Wachs. The ALJ may discount a lay witness opinion if he provides germane reasons for doing so. Dale v. Colvin, 823 F.3d 941, 943 (9th Cir. 2016). Germane reasons for rejecting lay testimony include inconsistency with the medical evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1218 (9th Cir. 2005).

Here Ms. Wachs identified limitations substantially similar to those identified in plaintiff's testimony. Tr. 20, 307. The ALJ rejected this opinion because it conflicted with the medical evidence of record. Tr. 20. In the Ninth Circuit, if an ALJ provides legally sufficient reasons for rejecting a claimant's testimony, and the lay testimony echoes the claimant's complaints, the ALJ therefore provides germane reasons for rejecting the lay testimony. Valentine v. Comm'r, 574 F.3d 685, 694 (9th Cir. 2009). On this record, the ALJ's rejection of the lay testimony was free of harmful error and supported by substantial evidence.

## **CONCLUSION**

For the reasons stated above, the Commissioner's final decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 7th day of December, 2020.

                                            /s/ Jolie A. Russo
                                             Jolie A. Russo
                                      United States Magistrate Judge